THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LEE DEAN, Appellant.—

No opinion. Latham, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., and Martuscello, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: Prior to the trial of appellant which resulted in his conviction for burglary

in the third degree, a hearing was held to determine whether his pretrial statements were admissible at the trial. At the hearing the arresting officer, in his testimony as to what he told defendant upon arresting him, said: "I told him that he had the right to remain silent. That he had the right to — that anything that he said can and will be used against you in a court of law. I told him that he had a right to an attorney and also that if he could not afford an attorney that we would supply an attorney for him. And then after that I asked him did he wish to say anything to me, would he waive these rights, and he said yes." The officer further testified concerning what he again told defendant when defendant was brought back to the station house before he was interviewed, as follows: "I advised him once again he had the right to remain silent, that anything he said could and would be used against him in a court of law. That he had a right to an attorney and that if he could not afford an attorney that one would be furnished for him. And I also asked him if, at this time, he would waive his rights and I specifically asked him again: 'Are you sure you don't want an attorney?' And he said, no." Defendant testified at the pretrial hearing that when he was arrested he asked for a lawyer and he repeated the request in the car on the way to the station house. The hearing court refused to suppress the statement after it found that the four warnings required by *Miranda* v. *Arizona* (384 U. S. 436) were given. The court said: "He [the arresting officer] promptly gave him the four Miranda warnings informing the defendant that he had a right to remain silent, that anything said by him could be used against him in a court of law, that he had a right to consult an attorney and that if he could not afford an attorney an attorney would be furnished to him free of charge" (matter in brackets supplied). At the *trial* the arresting officer, in relating the warnings given to defendant, testified as follows: "Before I asked him any questions I told him again that he had the right to remain silent, that anything he said would and could be used against him in a court of law — * * * I advised him that he had the right to have an attorney. And when I said this I said, 'Now, do you understand that you can have a lawyer present with you while you are being questioned?' He said, 'I don't want a lawyer.'" We are of the view that the trial court erred when it failed to suppress the statement. It is clear that the warnings required by *Miranda* (*supra*) were not fully given since defendant was not warned prior to questioning that he had a right to have an attorney present during the interrogation. In the introduction to *Miranda* the Supreme Court stated the holding in the following words (*Miranda* v. *Arizona*, 384 U. S. 436, 444, *supra*): "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, *and that he has a right to the presence of an attorney*, either retained or appointed" (emphasis supplied). The court went on to state that "the right to have counsel present at the interrogation is indispensable to the protection of the Fifth Amendment privilege" (p. 469) and held that "the need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires" (p. 470). With regard to the issue of how the information regarding the right to the presence of an attorney is to be given, the court held (p. 470): "An individual need not make a pre-interrogation request for a lawyer. While such request affirmatively secures his right to have one, his failure to ask for a lawyer does not constitute a waiver. No effective waiver of the right to counsel during interrogation can be recognized unless speci-

fically made after the warnings we here delineate have been· given." The court then summarized as follows (pp. 471–472): "Accordingly we hold that an individual held for interrogation *must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation* under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, *this warning is an absolute prerequisite to interrogation.* No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right" (emphasis supplied). In his dissent Justice HARLAN stated that the court's decision required, *inter alia,* that a defendant be warned that "he ·has a right to have present an attorney during the questioning" (p. 504). Following the Supreme Court's decision, the New York Court of Appeals in *People* v. *Rodney P.* (Anonymous) (21 N Y 2d 1, 3-4) stated: "The Supreme Court held in *Miranda* that a person who is taken into custody or deprived of his freedom in any significant way must be advised that he is not obligated to answer any questions; that, if he does speak, anything he says may be used against him in court; *that he is entitled to the assistance of counsel prior to and during the questioning,* and that, if he desires counsel and is unable to retain one, counsel will be assigned to him" (emphasis supplied). In *People* v. *La Congo* (30 A D 2d 757) the evidence showed that the defendant was not told "when such an attorney would be assigned nor does it appear he was told one would be appointed for him prior to any questioning if he so desired." The Fourth Department held that it was error not to suppress the statement since there had not been full compliance with the warnings mandated by *Miranda.* In *People* v. *Swift* (32 A D 2d 183, 186–187) this court held sufficient a *Miranda* warning which included the statement that the defendant "had a right to talk to a lawyer before and during questioning". It would appear that the cases discussed above mandate that a defendant must not only be warned that he has a right to an attorney but that he has a right to have the assistance of one prior to and during the questioning. In the absence of such a warning a defendant cannot be held to have waived his rights. In the case at bar, the hearing court found that the warning had been that defendant had a right to an .attorney. It did not find that defendant had been advised that he had a right to an attorney prior to and during interrogation. Accordingly, the court erred when it found there had been full compliance with the *Miranda* warnings and it should have suppressed defendant's statements. Finally, it should be noted that the additional testimony produced by the People at the trial relating to the warnings was insufficient to cure the error. The hearing court's decision could only be based on the evidence before it and the decision may not be justified by reliance upon testimony produced after the decision.